IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RAMON L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV03-222-C-EJL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THOMAS BEAUCLAIR, PHIL | ) | |
| FOSTER, DEAN ALLEN, ERIC | ) | |
| MACEACHERN, CARL DAVIS, | ) | |
| DWAYNE SHEDD, DAVID | ) | |
| SARGENT, JOHN HARDISON, | ) | |
| DONNA RILEY, JEFF HENRY, ROD | ) | |
| SCHLIENZ, MICHAEL JOHNSON, | ) | |
| JAY CHRISTENSEN, and Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion in

Limine to Exclude Criminal History (Docket No. 93); (2) Defendants' Motion in Limine

(Docket No. 95); (3) Plaintiff's Motion to Exclude Testimony of David Scott (Docket No.

99); (4) Plaintiff's Motion for Reconsideration (Docket No. 100); and (5) Defendants'

Motion for Reconsideration (Docket No. 104).

**ORDER  1**

## MOTIONS IN LIMINE

### Plaintiff's Motions in Limine

Plaintiff's first Motion in Limine requests the exclusion of any reference to his criminal history and conviction.  It appears that this motion was directed to the potential prejudice this information might cause if heard by the jury.  Because the Court determined that only remaining claims were injunctive in nature, the Motion to exclude reference to Plaintiff's criminal history is moot.

Plaintiff also requested the exclusion of testimony from Defendants' expert, David Scott, as well as his expert report.  David Scott is apparently a member of the Cherokee Tribe, and is expected to testify about the traditional Cherokee religious beliefs and practices.  Plaintiff argues that Mr. Scott's testimony will attempt to show the ways in which Plaintiff's religious beliefs do not comport with traditional Cherokee religious beliefs.

Defendants argue that Plaintiff claims some of his religious beliefs are based on the traditional Cherokee beliefs, and, therefore, they are entitled to produce evidence on the differences between the traditional Cherokee  religious belief s and Plaintiff's beliefs.

The Court has determined that testimony from Mr. Scott will be allowed at the hearing on injunctive relief.  It may prove relevant to issues like the Plaintiff's request for Sacred Fire, which has its origins in the traditional Cherokee religion.  Therefore, Plaintiff's Motion to Exclude David Scott's testimony is denied.

### Defendants' Motion in Limine

**ORDER  2**

Defendants' Motion in Limine requests the exclusion of any testimony regarding the consent decree entered in *Brown v. Arave*, a case from the Fourth Judicial District of Idaho.  The consent decree was entered in 1987, and it allowed inmates in the IDOC system to practice "spiritual and religious practices of American Indians."  *Defendants' Motion in Limine*, Docket No. 95, p. 2.

Defendants' Motion outlines the various procedural issues surrounding the *Brown* consent decree, asserting that the decree has been stayed.  Apparently, the state district court has yet to issue a ruling on a motion to terminate the prospective nature of the *Brown* decree, although the Defendants requested termination six years ago.  *Id.*, p. 4. Defendants claim that the *Brown* consent decree is irrelevant to Plaintiff's lawsuit, and therefore, inadmissible under Fed. R. Ev. 402.  They also argue that it would be confusing and misleading to the jury, thereby potentially prejudicing the Defendants.  *Id*.

Plaintiff argues that to the extent Defendants have accommodate religious practices under the *Brown* consent decree, this is relevant to Plaintiff's request for accommodation.  Plaintiff also asserts that the danger of prejudice to Defendants has been removed now that the remaining claims will be heard only by the Court.

It appears that Plaintiff's counsel intends to use the past and current practices of accommodating Native American religious practices for the purpose of showing how Plaintiff's requests can be safely accommodated.  It does not appear that Plaintiff is asserting any rights under the *Brown* consent decree as part of his injunctive relief requests.  Accordingly, evidence relating to the manner in which the IDOC

**ORDER  3**

accommodated religious practices for other Native American groups can be admitted by either side on the issue of safety and security in a prison setting.

Defendants also requested that Plaintiff be precluded from testifying about court orders or judgments in his favor, unless he provides a copy of the court order or judgment about which he intends to testify.  Plaintiff responded to Defendants' request by agreeing to provide certified copies of any court orders and judgments about which he intends to testify.

Defendants also requested that the Court exclude any testimony from Plaintiff about "the religious practices, beliefs, customs and tenets of the Cherokee or other Native American people."  *Defendants' Motion in Limine*, Docket No. 95, p. 5.  Defendants claim that such testimony from Plaintiff would be without personal knowledge or any foundation as required under Fed. R. Ev. 602.

Plaintiff claims that any testimony from him will be based on his individual understanding and interpretation of the Cherokee religion.  He claims that his testimony will be offered to demonstrate Plaintiff's development of his individualized religious beliefs.

To the extent Plaintiff intends to testify about the origin of and basis for his individualized religious beliefs, this evidence will presumably be based on his personal knowledge.  Fed. R. Ev. 602 (sufficient evidence must be introduced to show that the witness has personal knowledge of the matter).  Therefore, he will be allowed to testify on his individual understanding and interpretation of his religious beliefs.

**ORDER  4**

To the extent Plaintiff gives testimony in the form of an opinion or inferences, the testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ."  Fed. R. Ev. 701.

Based on the foregoing, Defendants' request to prospectively preclude any testimony from Plaintiff relating to the religious practices, beliefs, customs and tenets of the Cherokee or other Native American people is denied without prejudice to renewing the objection during the Trial.

Finally, Defendants request the exclusion of any testimony regarding the contents of a book entitled *The Cherokee People*, by Thomas Mails.  The objection is based on the hearsay rule in Fed. R. Ev. 802.

Plaintiff asserts that any exhibits or testimony he offers concerning the contents of the book will be offered to show how Plaintiff relied on it to form some of his religious beliefs and practices.  Therefore, Plaintiff will not be relying on the book for the truth of the matters asserted therein.

It appears that the parties have agreed to limit the references to the book in a manner that does not preclude its use at the Trial.  Therefore, the Court grants Defendants' Motion to exclude any testimony regarding the contents of *The Cherokee People,* if admitted for the truthfulness of the matters asserted in the book.

## DEFENDANTS' MOTION FOR RECONSIDERATION

**ORDER  5**

Defendants request reconsideration of the Court's declaratory ruling on Plaintiff's request for religious accommodation on the use of Sacred Fire, growing a religious beard, and using medicinal herbs.

### Legal Standard for Sua Sponte Ruling

The Court issued a sua sponte ruling on the requests for declaratory ruling which appear in the Fourth Amended Complaint. *Fourth Amended Complaint,* p. 9. "Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.'" *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003), quoting *Cool Fuel, Inc. v. Connett,* 658 F.2d 309, 312 (9th Cir. 1982)). The Court of Appeals determined that all of the salient issues had been presented in the moving party's summary judgment motion, and, therefore, the basis for entering the summary judgment sue sponte appeared in the record before the district court. *Gospel Missions of America*, 328 F.3d at 553; *see also Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 224 (3rd Cir. 2004)(summary judgment was granted sua sponte immediately before trial on a purely legal issue); *Leyva v. On the Beach, Inc*., 171 F.3d 717, 720 (1st Cir.1999)(sua sponte summary judgment order was upheld where the targeted party received a fair opportunity to put its best foot forward on the issue); *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir.2003) (per curiam)(where a "legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely

**ORDER  6**

appropriate even if no formal notice has been provided.").

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

**Burden Shifting Under RLUIPA**

Defendants failed to follow the burden shifting requirements of RLUIPA. RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . ., unless the government demonstrates that imposition of the burden on that person  . . .  is in furtherance of a compelling governmental interest and . . . is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C.  § 2000 cc- 1(a).

In *Warsoldier v. Woodford*, 418 F.3d 989, 1002 (9th Cir. 2005), the Ninth Circuit determined that "[u]nder RLUIPA, Warsoldier bears the initial burden of going forward with evidence to demonstrate a prima facie claim that CDC's grooming policy and its punitive sanctions . . . constitute a substantial burden on the exercise of his religious beliefs." *Id*. at 994.  "If Warsoldier establishes the prima facie existence of such a substantial burden, on which he bears the burden of persuasion, the CDC shall bear the

**ORDER  7**

burden of persuasion to prove that any substantial burden on Warsoldier's exercise of his religious beliefs is *both* 'in furtherance of a compelling governmental interest' *and* 'the least restrictive means of furthering that compelling governmental interest." *Id*. at 995 (quoting RLUIPA, 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b)(italics in the original).

The Court of Appeals defined the issue in the case to be whether the prison "grooming policy [was] the least restrictive alternative available to CDC to reach its compelling interest" of prison security.  *Id*. at 998.  The Court held that the CDC had not met its burden of showing that the blanket grooming policy was the least restrictive alternative available for maintaining prison security.  *Id*. at 1001.

The Court's declaratory ruling notified the Defendants that the <u>complete absence of accommodation</u> for Plaintiff's religious exercise was a violation of RLUIPA because they had failed in their burden of showing that this was the least restrictive alternative available for maintaining prison security.

The Court's ruling on the declaratory relief requests is considered an interlocutory order because it granted in part and denied in part the Defendants' request for summary judgment.  Fed. R. Civ. Proc. 54 (b).   Accordingly, as part of the injunctive relief requests, Defendants can come forward with their evidence relating to legitimate penological reasons regarding the safety and security issues in accommodating Plaintiff's requests.  Defendants are not foreclosed from raising all of their legitimate safety concerns relating to Plaintiff's requests.  The safety concerns are heard as part of the injunctive relief requests, and would not have been submitted to the jury.

**ORDER  8**

Based on the foregoing, Defendants' Motion for Reconsideration is be denied.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff also requested reconsideration of the Court's ruling on his request for a religious diet accommodation.  The Court has considered the motion and finds no merit in the arguments.  Therefore, the motion is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude Criminal History (Docket No. 93) is MOOT

IT IS FURTHER HEREBY ORDERED that Defendants' Motion in Limine (Docket No. 95) is GRANTED in part and DENIED in part

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Exclude Testimony of David Scott (Docket No. 99) is DENIED as set forth above.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 100) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Reconsideration (Docket No. 104) is DENIED.



DATED:  **August 15, 2006**

**ORDER  9**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER  10**