IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RAMON L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV03-222-C-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| THOMAS BEAUCLAIR, PHIL | ) | |
| FOSTER, DEAN ALLEN, ERIC | ) | |
| MACEACHERN, CARL DAVIS, | ) | |
| DWAYNE SHEDD, DAVID | ) | |
| SARGENT, JOHN HARDISON, | ) | |
| DONNA RILEY, JEFF HENRY, ROD | ) | |
| SCHLIENZ, MICHAEL JOHNSON, | ) | |
| JAY CHRISTENSEN, and Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) Defendants' Motions for

Reconsideration (Docket Nos. 124, 128); (2) Plaintiff's Motion for Attorney Fees (Docket

No. 126); (3) Defendants' Motion for Leave to File Excess Pages (Docket No. 135); and

Plaintiff's Motion to Substitute Party (Docket No. 138).  Having fully reviewed the

pending motions and the record in this action, the Court has determined that oral

argument would not significantly assist the Court in resolving the pending motions.

Accordingly, the Court will render its decision based on the record before it.

**ORDER  1**

The Court has determined that Defendants' requests for reconsideration will be denied.  The Court will not amend the Order of Dismissal and Judgment in this action. Plaintiff's request to continue the determination of the attorney fees claims will be granted until such time as the Court rules on the Motion to Substitute Party after Plaintiff's Death.

## BACKGROUND

Plaintiff was an inmate in the custody of the Idaho Department of Correction (IDOC), starting in December 1997 and continuing until his death on September 19, 2006.  He sued IDOC officials and correctional officers for their refusal to accommodate his religious worship which included an individualized practice of Cherokee religious beliefs and practices.  Plaintiff believed that his religious worship included a sacred fire ceremony which was performed outdoors within the view of natural geographical features such as rivers and mountains.  He requested the opportunity to participate in the sacred fire ceremony three times per week.  The fire that Plaintiff requested was to be built on the ground and needed to be at least one foot in diameter.

Plaintiff also believed that his religion required him to maintain facial hair between one and six inches in length.  Plaintiff requested the religious accommodation of the beard, but IDOC officials refused to allow a religious exemption for him, despite the fact that a Muslim inmate had been allowed to grow a beard based on his religious beliefs.

Plaintiff also requested that he be allowed to take medicinal herbs in the place of medicine that had been prescribed for him.  He believed that the herbal remedies would

**ORDER  2**

provide relief for his chronic health problems, including high blood pressure.  He also requested a religious diet based on the food that Cherokee Indians ate during the 19th Century.

Plaintiff also believed that he should participate in a smudging ceremony that involved the use of tobacco.  He also requested that certain religious books and literature pertaining to his religious beliefs be purchased for the prison library.  Plaintiff was indigent for most of the years he was incarcerated in the IDOC facilities, and therefore, he was limited in what he could purchase through his own means.

The Court appointed the law firm of Givens Pursley to represent Plaintiff in his civil rights claim.  In the Fourth Amended Complaint, Plaintiff asserted claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and 42 U.S.C. § 1983. The Complaint requested a judgment for Plaintiff on his religious accommodation request, a declaration that his religious beliefs constitute a religion,  and a declaration that the deprivation of his religious worship constituted a violation of the First Amendment and RLUIPA.  *Docket No. 69*, p. 9.  The Complaint also requested injunctive relief and an attorney fees award.  *Id*., p. 10.

Defendants filed a Motion for Summary Judgment, and in that context, the Court entered a declaratory ruling, stating that the complete failure to accommodate Plaintiff's request to participate in a Sacred Fire ceremony was a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).  *Docket No. 98*, p. 16.  The Court noted that there was nothing in the record showing that Defendants had discussed the possible

**ORDER  3**

accommodation of the request and determined that it was too dangerous to allow Plaintiff's participation in the ceremony.  *Id.*

The Court also issued a declaratory ruling that the failure to provide a religious exemption for Plaintiff's beard and the refusal to allow Plaintiff to purchase medicinal herbs, violated his rights under RLUIPA.

In the same Order, the Court granted Defendants' summary judgment motion on the issue of Plaintiff's requests to use tobacco in a smudging ceremony, finding that Plaintiff's request failed as a matter of law.  *Id.*, p. 18-19.  At a hearing held on August 15, 2006, Plaintiff clarified that he believed he could only participate in the Sacred Fire ceremony if it included the burning of specific plants, including tobacco.  Therefore, Plaintiff took the position that he was unable to perform any version of the Sacred Fire ceremony without tobacco.  *Joint Motion, Docket No. 112*, p. 2.

Based on Plaintiff's clarification that he could only participate in the sacred fire ceremony through the burning of specific plants, the Court issued an amended declaratory ruling that the IDOC Defendants' failure to accommodate Plaintiff's request for a Sacred Fire as he interpreted it, did not violate his rights under RLUIPA.  Defendants' request for summary judgment on Plaintiff's use of Sacred Fire was granted.

In the Court's Order of August 11, 2006, it entered a declaratory ruling in Plaintiff's favor, determining that the complete prohibition of Plaintiff's use of medicinal herbs as an alternative to prescribed medication is a violation of RLUIPA.  *Docket No. 98*, p. 17.  The Court construed Plaintiff's request as the opportunity to have medicinal

**ORDER  4**

herbs made available to him through the prison commissary, rather than one requiring Defendants to pay for the herbs.  *Id*, p. 17-18.

The Court also granted summary judgment to Defendants on the issue of ordering religious literature for Plaintiff.  Plaintiff did not carry his initial burden under RLUIPA to show that the lack of religious materials had substantially burdened his individualized Cherokee religious beliefs.  *Id*.

After the Court's ruling on Plaintiff's religious worship requests, the parties entered into a Settlement Agreement wherein the IDOC grooming policy was changed to create a religious exemption for beards up to one and one-half inches in length for religious reasons and allowed Plaintiff to purchase a specific herbal supplement through the IDOC commissary.  The Agreement stated that the Court would be requested

> "to enter an Order of Dismissal as to the remaining claims against the IDOC employees in the Lawsuit.  The express terms of this Agreement shall be specifically incorporated in the Court's Order of Dismissal and the Court shall retain jurisdiction over the parties to ensure their compliance with said terms."

*Docket No. 120-2*, p. 4.  The settlement agreement stated that there was no admission of liability on the part of the IDOC, but the settlement agreement did not resolve the issue of whether attorney fees would be paid to Plaintiff's attorneys.  The Court entered an Order of Dismissal which provided that the Court would "retain jurisdiction over the parties' Agreement to ensure compliance with its terms."  *Docket No. 122*, p. 1.  It also ordered that a petition for fees and costs, if any, should be filed within fourteen days of entry of Judgment.  The Judgment was entered on September 18, 2006 and stated that the "parties

**ORDER  5**

agreed that the terms of the Settlement Agreement are incorporated into this Judgment, and that the Court would retain jurisdiction to enforce its terms." *Docket No. 123*., p. 1.

The following day, September 19, 2006, Plaintiff died at the prison.

After entry of the Judgment, Defendants filed two Motions for Reconsideration. Defendants assert that the Court erred by "entering Judgment, without specifying that Judgment is entered in favor of Defendants, and also erred by directing that a petition for attorney fees be filed." *Docket No. 124-2*, p. 4.  Defendants claim that including the deadline for submitting an attorney fees petition in the Judgment gave the impression to the parties that Plaintiff had prevailed in the action.  Therefore, they request that any reference to the filing of an attorney fees petition be deleted from the Order of Dismissal and Judgment.  They also request that the Court amend the Order of Dismissal to accurately reflect the outcome of the case and enter Judgment in favor of Defendants.  *Id.*, p. 6.

Defendants' second Motion for Reconsideration asserts that the Court erred when it incorporated the terms of the Settlement Agreement into the Judgment.  They claim that this was "contrary to the express terms of the parties' Settlement Agreement." *Docket No. 128-2*., p. 3.  They request that the Court amend the Judgment to delete any reference to or incorporation of the parties' Settlement Agreement.

Plaintiff's counsel filed a Motion for Attorney Fees and a Motion to Substitute Party in the action. *Docket Nos. 126 and 138.*  Defendants' response to these motions requests that the Court defer a ruling on the issue of an attorney fees award until it has

**ORDER  6**

determined whether Plaintiff's counsel has standing to seek attorney fees on behalf of their deceased client.  Plaintiff's counsel informed the Court on September 13, 2007 that Givens Pursley had recently been appointed as Plaintiff's personal representative.  *Docket No. 138* (attaching the Letters of Administration, appointing the law firm as the Personal Representative of Ramon Smith's estate).  Defendants response to the Motion for Substitution of Party has not yet been filed.

## DISCUSSION

**Defendants' Motions for Reconsideration**

Defendants' Motions for Reconsideration argue that the Court erred in two ways: (1) by incorporating the parties' Settlement Agreement into the Judgment; and (2) by providing a deadline for the submission of an Attorney Fees Petition.  In *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), the Ninth Circuit Court of Appeals clarified the limited use of a Rule 59(e) motion:

> Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 James Wm. Moore et al., Moore's Federal Practice  § 59.30[4] (3d ed. 2000).  Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).  A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  *See id.*

 Defendants are requesting that the Court amend the Order of Dismissal and the Judgment

**ORDER  7**

in this action to eliminate any reference to the Court's continuing jurisdiction to enforce the terms of the Settlement Agreement.  The wording of the Settlement Agreement is clear and unambiguous: "the Court shall retain jurisdiction over the parties to ensure their compliance with said terms."  *Docket No. 120-2*, p. 4.  Therefore, this wording was included in the Order of Dismissal.  The way in which the Court can retain jurisdiction to enforce the settlement agreement's terms is to incorporate the terms of the Settlement Agreement into the Judgment.  *See Kokkonen v. Guardian Life Insurance Company*, 511 U.S. 375, 380-81, 114 S. Ct. 1673, 1676 (1994)(holding that a federal district court lacks jurisdiction to enforce a settlement agreement terminating federal court litigation unless the court "expressly retained jurisdiction to enforce the settlement agreement" or "incorporated the terms of the settlement into the dismissal order.").  The Court relied upon the wording of the Settlement Agreement when it incorporated its terms into the Order of Dismissal and the Judgment.  Therefore, Defendants' argument that the Court committed clear error in doing so is unpersuasive.

Defendants' request to amend the Order of Dismissal and Judgment makes sense only in the larger context of whether Plaintiff prevailed on enough claims to warrant an award of attorney fees.  If the Court was not asked to retain jurisdiction to enforce the IDOC Policy Amendments, providing religious exemptions for the grooming policy and the use of herbal supplements, then it would be more difficult for Plaintiff's counsel to justify the attorney fees petition.  These changes were systemic in nature and benefitted other inmates seeking religious accommodation.  Therefore, it appears that this fact

**ORDER  8**

occurred to Defendants after the Settlement Agreement was already signed, and they are now seeking to be relieved of this portion of the Agreement.

Defendants also requested that the Court delete any reference to the filing deadline for submission of an attorney fees petition from the Judgment.  The Court's directive on the attorney fees issue restated the requirements of District of Idaho Local Civil Rule 54.2 which sets a fourteen-day deadline for submitting claims for attorney fees.  The Court included the directive because the Settlement Agreement was silent on the issue of attorney fees and costs.  Therefore, the Court included the directive because the fourteen-day deadline required a quick assessment of whether an attorney fees claim would be filed.  The Court disagrees with Defendants' assertion that it committed clear error when it included the provision relating to the deadline for filing an attorney fees claim in the Judgment.

Based on the foregoing, Defendants' Motions for Reconsideration are denied. Their request to file a brief containing excess pages in response to the Plaintiff's Motion for Attorney Fees is granted.

### Plaintiff's Motion for Attorney Fees

The day after a Judgment was entered in this action, Plaintiff died.  Based on Local Civil Rule 54.2, his counsel were required to submit a claim for attorney fees within fourteen days.  The Motion for Attorney Fees was timely filed, and it notified the Court that Plaintiff had died.  Plaintiff's counsel requested that they be given additional time to

**ORDER  9**

file the Petition for Attorney Fees.  Defendants objected to the Motion for Attorney Fees on several grounds, but the two threshold issues raised in their response were (1) whether Plaintiff's counsel had standing to assert the claim for attorney fees after his death, and (2) whether the attorney fees award abated at the time of Plaintiff's death.  In other words, did Plaintiff's potential entitlement to attorney fees die with him.

Plaintiff's counsel recently filed a notice that they had been appointed the personal representative for Ramon Smith.  They filed a motion requesting to be substituted into the action as a party, thereby giving them standing to pursue the attorney fees request. *Docket No. 138*.  Defendants have not had an opportunity to respond to the Motion to Substitute Party.  Therefore, the Court will give them an opportunity to file their response prior to ruling on the motion.

The Court has had an opportunity to consider the numerous arguments Defendants raised in opposition to an attorney fees award, and it makes the following observations. Idaho is one of perhaps only two states in the country that adheres to the common law view that a civil rights claim abates upon the death of the plaintiff.  *See Evans v. Twin Falls County*, 118 Idaho 210, 218, 796 P.2d 87 (1990).  Therefore, Defendants argue that Plaintiff's claim for attorney fees is a personal claim, and that it abates upon his death. They do not cite legal authority for this position, but argue it as an extension of the holding in the *Evans* case.  The difference between the facts in *Evans* and the present action is that Plaintiff's action had been completed and a Judgment entered prior to his

**ORDER  10**

death.  Therefore, it is arguable that any potential attorney fees award accrued prior to his death.  The Court entered Judgments in Plaintiff's other pending cases because they were ongoing, interlocutory claims which abated upon his death.

The other observation the Court makes is that Plaintiff started the litigation seeking religious accommodation for his Cherokee beliefs back in 2000.  *See CV00-132-C-EJL, Docket No. 38* (denying Defendants' request for summary judgment).  The Court denied Defendants' request for summary judgment on Plaintiff's religious accommodation claims under the First Amendment, but the case was dismissed without prejudice based on Plaintiff's failure to complete the prison grievance system.   When Plaintiff re-filed his religious accommodation claims, the Court appointed Givens Pursley pursuant to the Pro Bono Program.

Plaintiff's counsel argue that Defendants repeatedly refused to allow Plaintiff to perform any of the practices or rituals he requested, nor did they offer any compromise to his requests.  They assert that there was a complete failure to accommodate his request for a religious beard exemption, even though another inmate had been allowed to grow a beard based on religious dictates.  They also refused to allow him the use of medicinal herbs, nor did they at any time offer any type of compromise on this religious accommodation request.  After years of litigation, Plaintiff was able to effectuate IDOC policy changes on these last two religious worship requests, and it is disconcerting that it could take so long to resolve something that required so little effort on Defendants' part.

In *Buckhannon Board & Care Home v. West Virginia Department of Health &*

**ORDER  11**

*Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001), the Supreme Court stated that in order to be a prevailing party under 42 U.S.C. § 1988, there must be a "judicially sanctioned change in the legal relationship of the parties" that bears the "necessary judicial imprimatur."  532 U.S. at 605.  "While a civil rights plaintiff must succeed on some aspect of the merits of a civil rights claim before he can be considered a 'prevailing party,' it is not necessary that he ultimately prevail on every claim asserted or obtain all the relief requested."  *Sablan v. Department of Finance of the Commonwealth of Northern Mariana Islands*, 856 F.2d 1317, 1324 (9th Cir. 1988).  "[W]here a civil rights lawsuit forces change and settlement before judicial trial, an award of attorney fees is appropriate."  *Lozeau v. Lake County Montana*, 98 F. Supp. 2d 1157, 1163 (D. Mont. 2000)(citing *Illick v. Miller*, 68 F. Supp. 2d 1169, 1172 (D. Nev. 1999)(awarding attorney fees after a settlement of all issues after prison officials instituted changes at the prison)).

In a recent lawsuit involving RLUIPA claims, the Court of Appeals in the Sixth Circuit held that the district abused its discretion in reducing an attorney fees award on a partially successful RLUIPA claim.  *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 672-73 (6th Cir. 2007).  The district court had reduced the Plaintiff's attorney fees award because they did not prevail on all of the religious accommodation requests.  The Court of Appeals stated that attorney fees should not be reduced "based on a simple ratio of successful claims to claims raised.  When claims are based on a common core of facts or are based on related legal theories, . . . they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced."  *Id*. at 672.  "[T]he district

**ORDER  12**

court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. at 673 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933 ( 1983)).

Plaintiff's counsel also argue that Section 1988 is a remedial statute and "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy . . . to vindicate the important Congressional policies which these laws contain." *Aware Woman Clinic , Inc. v. City of Cocoa Beach, Fl.*, 629 F.2d 1146, 1150 (5th Cir. 1980)(citing Congressional Record, 94th Cong., 2d Sess. 2).

Based on Plaintiff and Defendants request that certain threshold issues be determined prior to a ruling on the attorney fees request, the Court will grant Plaintiff's request to continue the determination of the attorney fees issue.  After Defendants have had an opportunity to respond to Plaintiff's Motion to Substitute Party, the Court will take the attorney fees request and substitution of party motions under submission.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED Defendants' Motions for Reconsideration (Docket Nos. 124, 128) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Attorney Fees or in the alternative, Motion to Continue Time for Filing of Plaintiff's Petition for Attorneys' Fees (Docket No. 126) is GRANTED to the extent Plaintiff's counsel

**ORDER  13**

requested additional time to file the claim for attorney fees.  The Petition for Attorney

Fees will be taken under submission after the Court rules on the Motion to Substitute

Party.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Leave to File

Excess Pages (Docket No. 135) is GRANTED.

DATED:  **September 27, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER  14**