IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RAMON L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV03-222-C-EJL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THOMAS BEAUCLAIR, PHIL | ) | |
| FOSTER, DEAN ALLEN, ERIC | ) | |
| MACEACHERN, CARL DAVIS, | ) | |
| DWAYNE SHEDD, DAVID | ) | |
| SARGENT, JOHN HARDISON, | ) | |
| DONNA RILEY, JEFF HENRY, ROD | ) | |
| SCHLIENZ, MICHAEL JOHNSON, | ) | |
| JAY CHRISTENSEN, and Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Substitution of Party (Docket No. 138); and (2) Defendants' Motion for Extension of Time to File Response (Docket No. 140).  Having fully reviewed the pending motions and the record in this action, the Court has determined that oral argument would not significantly assist the Court in resolving the pending motions.  Accordingly, the Court will render its decision based on the record before it.

The Court has determined that it will grant Plaintiff's Motion for Substitution of Party and Defendants' Motion for Extension of Time. The Court will also refer the remaining issue of the attorney fees and costs in this action to a settlement conference with Judge David O. Carter.

**ORDER  1**

## BACKGROUND

Plaintiff was an inmate in the custody of the Idaho Department of Correction (IDOC), starting in December 1997 and continuing until his death on September 19, 2006. He sued IDOC officials and correctional officers for their refusal to accommodate his religious worship which included an individualized practice of Cherokee religious beliefs and practices.

The Court appointed the law firm of Givens Pursley to represent Plaintiff in his civil rights claim. In the Fourth Amended Complaint, Plaintiff asserted claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and 42 U.S.C. § 1983. The Complaint requested a judgment for Plaintiff on his religious accommodation request, a declaration that his religious beliefs constitute a religion, and a declaration that the deprivation of his religious worship constituted a violation of the First Amendment and RLUIPA. *Docket No. 69*, p. 9. The Complaint also requested injunctive relief and an attorney fees award. *Id*., p. 10.

The Court entered an interlocutory declaratory ruling, stating that the complete failure to accommodate Plaintiff's request to participate in a Sacred Fire ceremony was a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Docket No. 98*, p. 16. The Court also issued a declaratory ruling that the failure to provide a religious exemption for Plaintiff's beard and the refusal to allow Plaintiff to purchase medicinal herbs, violated his rights under RLUIPA. In the same Order, the Court granted Defendants' summary judgment motion on Plaintiff's requests to use tobacco in a smudging ceremony. Plaintiff later clarified that he could only participate in the sacred fire ceremony through the burning of tobacco, and the Court issued an amended ruling, granting Defendants' request for summary judgment on Plaintiff's use of Sacred Fire.

**ORDER  2**

In the Court's Order of August 11, 2006, it entered a declaratory ruling in Plaintiff's favor, determining that the complete prohibition of Plaintiff's use of medicinal herbs as an alternative to prescribed medication was a violation of RLUIPA.  *Docket No. 98*, p. 17.  But the Court granted summary judgment to Defendants on the issue of ordering religious literature for Plaintiff.  *Id*.

After the Court's ruling on Plaintiff's religious worship requests, the parties entered into a Settlement Agreement.  A Judgment was entered on September 18, 2006, and the following day, September 19, 2006, Plaintiff died at the prison.  Plaintiff's counsel informed the Court on September 13, 2007 that Givens Pursley had been appointed as Plaintiff's personal representative. *Docket No. 138* (attaching the Letters of Administration, appointing the law firm as the Personal Representative of Ramon Smith's estate).  Defendants requested additional time within which to file a response to the Motion for Substitution of Party, and the response was filed shortly thereafter.

## DISCUSSION

Defendants object to the substitution of Givens Pursley as Plaintiff's personal representative in this action because they believe the potential attorney fees award abated at the time of Plaintiff's death.  They argue that Plaintiff's potential entitlement to attorney fees died with him, and there is no basis for allowing the substitution of his counsel for purposes of the attorney fees request.

Defendants rely upon the Idaho Supreme Court case of *Evans v. Twin Falls County*, 118 Idaho 210, 218, 796 P.2d 87 (1990) in which the court held that a civil rights claim abates upon the death of the plaintiff.  The plaintiff in the *Evans* case died before she had received a judgment in her civil rights action.  Whereas, Plaintiff Smith's action had been completed and a Judgment entered prior to his death.  Therefore, the potential attorney fees award accrued prior to his death.

**ORDER  3**

The Court has determined that once a civil rights action has reached a final judgment, the parties may pursue a request for attorney fees which accrued prior to the entry of the judgment in the action.  *See Chopra v. General Electric Co.*, 527 F. Supp. 2d 230 239-40 (D. Conn. 2007)(holding that an action is not abated by the death of a party once a judgment is entered, "even where the judgment is based on a cause of action that would not have survived had the party died before judgment.")(citing 1 Am. Jur. 2d, Abatement, Survival and Revival § 58 (2005)).  It is also appropriate to allow Givens Pursley to substitute into the action in place of Plaintiff Ramon Smith because he was an inmate at the time he pursued his civil rights claims.  *See Hayes v. Astrue*, 2008 WL  648463 *7 (N.D. Cal. 2008)(providing two examples in which special circumstances exist, warranting the payment of attorney fees directly to counsel)(citing *Grand Boulevard Improvement Association v. City of Chicago*, 553 F. Supp. 1154, 1169 (N.D. Ill. 1982)(payment of attorney fees directly to legal services corporation) and *Wedra v. Thomas*, 623 F. Supp. 272, 278 (S.D.N.Y. 1985)(directing payment of attorney fees in prisoner case directly to their appointed counsel)).

Based on the foregoing, Plaintiff's Motion for Substitution of Party will be granted.  The Court will refer the remaining attorney fees and costs issue to Judge David O. Carter for a settlement conference.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Substitution of Party (Docket No. 138) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Extension of Time to File Response (Docket No. 140) is GRANTED.

**ORDER  4**

IT IS FURTHER HEREBY ORDERED that the parties shall attend a judicially supervised settlement conference with Judge David O. Carter on August 5, 2008 at 9:30 a.m. at the U.S. District Court, Boise, Idaho, Courtroom 1.  If the parties elect to submit a settlement conference statement, they may contact Denise Asper, ADR Program Director at (208) 334-9067.

DATED:  **July 22, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER  5**